IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JONATHAN LEE RICHES, § | |
| (BOP No. 40948-018) § | |
| VS. § | CIVIL ACTION NO.4:09-CV-337-Y |
| § | |
| PIXAR, et al. § | |

ORDER OF DISMISSAL AND ORDER IMPOSING SANCTION
(With special instructions to the clerk of Court)

On June 12, 2009, inmate/plaintiff Jonathan Lee Riches (BOP-ID # 40948-018)("Riches) delivered to the clerk of Court a handwritten complaint seeking a preliminary injunction and temporary restraining order against the movie studio Pixar, some of Pixar's movies, *e.g.*, "Toy Story," "Cars," and "Monsters, Inc," and against several individual directors of these films. Riches did not accompany the complaint with a filing fee, but the magistrate judge, noting that because Riches's abusive litigation history barred him from proceeding under 28 U.S.C. § 1915,[1] ordered him to pay the filing fee or have the case be subject to dismissal for lack of prosecution. Riches did not timely pay the fee, and the case was returned to this Court.

Riches's history of abusive filing of civil litigation throughout the federal courts in all areas of the United States was documented in an order entered by the United States District Court

---

[1] As a result of the Prison Litigation Reform Act (PLRA) amendments to 28 U.S.C. 1915, section 1915(g) provides that a prisoner may not proceed in forma pauperis in a civil action if, on three or more occasions, the prisoner had a case dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C.A. § 1915(g)(West 2006).

for the Middle District of Georgia, *Riches v. Ruller,* No. 1:09-CV-029-(WLS), a copy of which is attached hereto as exhibit 1. As noted therein, Riches has filed hundreds of cases in federal courts while incarcerated, and at least eighteen of those have been dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. Thus, Riches's bar from filing under 28 U.S.C. § 1915(g) has not impeded his litigious conduct. Even to the extent the bulk of the recent cases were dismissed for lack of prosecution, each filing burdens federal-court personnel and judges with having to spend limited time on fantastic and spurious claims. Thus, the Court concludes that it must impose additional sanctions upon Riches under its inherent authority.[2]

The Court acknowledges that the imposition of sanctions under the Court's inherent authority is limited to instances of deplorable conduct, supported by a specific findings of bad faith.[3] Riches's repeated filings with fantastic factual allegations against defendants with which he has not had any contact, justifies this further imposition of sanctions.[4]

---

[2] *See generally Toon v. Wackenhut,* 250 F.3d 950, 952-53 (5th Cir. 2001) (district court may rely on its inherent power to impose sanctions).

[3] *Toon,* 250 F.3d at 952, citing *Natural Gas Pipeline Co. Of America v. Energy Gathering, Inc.,* 86 F.3d 464, 467 (5th Cir. 1996) and *Golding v. Bartholomew,* 166 F.3d 710, 722 (5th Cir. 1999).

[4] In this case, Riches alleges that the movie "Toy Story" caused him to commit identity theft, that the movie "Cars" caused him to get 32 speeding tickets in Illinois, and that the movie "Monsters, Inc," caused him such fear that he had to get weapons and armor in his home, which in turn caused him to receive a sentence enhancement for being an armed career criminal under the sentencing guidelines.(June 12, 2009, complaint.) In *Riches v. Holy Land*

2

Therefore, this case is DISMISSED without prejudice for lack of prosecution.

Jonathan Lee Riches (BOP-NO. 40948-018) is **BARRED** from filing any civil action or lawsuit, including any petitions, complaints, motions, pleadings, or documents of any type, unless he accompanies that document with a motion for leave to file which includes allegations of specific facts that he is under actual imminent danger of injury from persons or actions taken within the institution of his then-present confinement.

The clerk of Court is directed that if Jonathan Lee Riches submits any papers to this Court not in compliance with this order, such papers are to be returned to Riches with a copy of this order.

SIGNED July __30__, 2009.

                                              _/s/ Terry R. Means_
                                              TERRY R. MEANS
                                              UNITED STATES DISTRICT JUDGE

---

*Foundation, et al.*, No.3:07-CV-1626-P (N.D. Tex. 2007) Riches sued such defendants as the United Way of America, Goodwill Industries, the Jerry Lewis Telethon and the United Negro College Fund.

```
                                                            FILED
                                                     U.S. DISTRICT COURT
        IN THE UNITED STATES DISTRICT COURT          MIDDLE GEORGIA
         FOR THE MIDDLE DISTRICT OF GEORGIA
                   ALBANY DIVISION                 2009 MAR 10 AM 9 21

                                                         WKS
                                                     DEPUTY CLERK
```

JONATHAN LEE RICHES,

        Plaintiff

VS.

MILLARD FULLER, et al.,         :    NO. 1:09-cv-29 (WLS)

        Defendants         :    **ORDER**

Plaintiff **JONATHAN LEE RICHES**, presently an inmate at the Federal Correctional Institution in Salters, South Carolina, has filed a pro se civil rights complaint.[1] Parties instituting any non-habeas civil actions are required to pay a filing fee of $350.00. 28 U.S.C. § 1914(a). Because plaintiff has failed to pay the required filing fee, the Court assumes that he wishes to proceed *in forma pauperis* in this action.

Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner is generally precluded from proceeding *in forma pauperis* if at least three prior lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted. 28 U.S.C. §1915(g). Dismissal without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are also properly counted as strikes. *See Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998). Section 1915(g) provides an exception to the three strikes

---

[1] In the caption of his complaint, plaintiff names Richard Leon Gayette as a plaintiff. Plaintiff, however, has no standing to sue on behalf of Gayette for alleged violations of his constitutional rights. *See generally Allen v. Wright*, 468 U.S. 737, 751 (1984) (a party generally may assert only his or her own rights and cannot raise the claims of third parties not before the court).

Exhibit

rule, under which an inmate may proceed *in forma pauperis* if he alleges he is in "imminent danger of serious physical injury." The prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section1915(g)'s imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding that section 1915(g) does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera*, 144 F.3d at 721-27. The Eleventh Circuit has additionally held that pre-PLRA dismissals count as strikes under section 1915(g). *Id.* at 730.

A review of court records on the U.S. District Web PACER Docket Report reveals that plaintiff has filed hundreds of frivolous cases in federal courts while incarcerated. Of those cases, at least eighteen were dismissed as frivolous, malicious, or for failing to state a claim upon which relief could be granted.[2]

Clearly, plaintiff has vastly exceeded the three "strikes" allowed by the PLRA to a prisoner

---

[2] Plaintiff's strikes include: *Riches v. Bureau of Prisons*, 6:06-cv-194 (D.S.C. Mar. 20, 2006); *Riches v. Bush*, 4:06-cv-442 (D.S.C. Mar. 22, 2006); *Riches v. Doe*, 1:07-cv-20042 (S.D. Fla. Jan. 24, 2007); *Riches v. Guantanamo Bay*, 2:07-cv-13041 (E.D. Mich. Aug, 8, 2007); *Riches v. Swartz*, 7:07-cv-379 (W.D. Va. Aug. 13, 2007); *Riches v. James*, 1:07-cv-2486 (N.D. Oh. Aug. 23, 2007); *Riches v. Bonds*, 3:07-cv-375 (N.D. Ind. Aug. 16, 2007); *Riches v. Pelosi*, 3:07-cv-3695 (N.D. Ca. Aug. 30, 2007); *Riches v. Schiavo*, 8:07-cv-1644 (M.D. Fla. Sept. 18, 2007); *Riches v. Snipes*, 5:07cv-376 (M.D. Fla. Sept. 24, 2007); *Riches v. Simpson*, 6:07-cv-1504 (M.D. Fla. Sept. 24, 2007); *Riches v. Shiavo*, 8:07-cv-1730 (M.D. Fla. Sept. 27, 2007); *Riches v. Wal-Mart Stores Inc.*, 4:07-cv-780 (E.D. Ark. Oct. 2, 2007); *Riches v. Peterson*, 3:07-cv-4539 (N.D. Ca. Oct. 3, 2007); *Riches v. Craig*, 1:07-cv-538 (D. Del. Oct. 5, 2007); *Riches v. Brady v. Maryland*, 8:07-cv-2666 (D. Md. Oct. 9, 2007); *Riches v. Noriega*, 2:07-cv-619 (M.D. Fla. Oct. 17, 2007); *Riches v. Trump*, 3:07-cv-478 (D. Nev. Oct. 17, 2007).

attempting to proceed in forma pauperis in a federal civil lawsuit. As such, plaintiff cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g). This Court finds that no indication that plaintiff is "under imminent danger of serious physical injury."

Because plaintiff has more than three prior dismissals and does not appear to be in imminent danger of serious physical injury, his request to proceed in forma pauperis is **DENIED** and the instant action is **DISMISSED** without prejudice. If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint. As the Eleventh Circuit stated in Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied in forma pauperis status; he must pay the filing fee at the time he initiates the suit.

SO ORDERED, this 9th day of March, 2009.

W. LOUIS SANDS
UNITED STATES DISTRICT JUDGE

3